

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED:_____2.12.14_____

_____
DEPUTY CLERK



FILED
CLERK, U.S. DISTRICT COURT

FEB 1 2 2014

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JESUS L. ARNETT,                    ) Case No. EDCV 14-0249-FMO (JPR)
                                    )
              Petitioner,           )
                                    ) ORDER TO SHOW CAUSE
         vs.                        )
                                    )
STANLEY SNIFF, Sheriff,[1]          )
                                    )
              Respondent.           )
_____    )

On February 7, 2014, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging his 2012 conviction for possessing a fictitious instrument and resulting 2013 25-years-to-life sentence. (Pet. at 2.) The Petition indicates that Petitioner's direct appeal from his judgment is still pending in the California Court of Appeal (see Pet. at 3), although that court and the state supreme court have already denied habeas petitions filed by Petitioner (see Pet. at 4). The Court's review of the California Appellate Courts' Case

_____

[1]Petitioner appears to have named the wrong Respondent. See Rs. Governing § 2254 Cases in U.S. Dist. Cts., R. 2(a) & 1976 advisory committee's note ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody" – in other words, the warden of the prison or jail where the petitioner is housed).

1

1  Information website confirms Petitioner's representations.  <u>See</u>

2  Cal. Appellate Ct. Case Info. Website, Case Nos. E057807 &

3  S215412, http://appellatecases.courtinfo.ca.gov/ (last visited

4  Feb. 11, 2014).

5       As a general proposition, a federal court will not intervene

6  in a pending state criminal proceeding absent extraordinary

7  circumstances involving great and immediate danger of irreparable

8  harm.  <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 45-46, 91 S. Ct. 746,

9  751, 27 L. Ed. 2d 669 (1971); <u>see also</u> <u>Fort Belknap Indian Cmty.</u>

10 <u>v. Mazurek</u>, 43 F.3d 428, 431 (9th Cir. 1994) (abstention

11 appropriate if ongoing state judicial proceedings implicate

12 important state interests and offer adequate opportunity to

13 litigate federal constitutional issues).  "[O]nly in the most

14 unusual circumstances is a defendant entitled to have federal

15 interposition by way of injunction or habeas corpus until after

16 the jury comes in, judgment has been appealed from and the case

17 concluded in the state courts."  <u>Drury v. Cox</u>, 457 F.2d 764, 764-

18 65 (9th Cir. 1972).

19      <u>Younger</u> abstention is appropriate if three criteria are met:

20 (1) the state proceedings are ongoing; (2) the proceedings

21 implicate important state interests; and (3) the state

22 proceedings provide an adequate opportunity to litigate the

23 federal constitutional claims.  <u>See</u> <u>Middlesex Cnty. Ethics Comm.</u>

24 <u>v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515,

25 2521, 73 L. Ed. 2d 116 (1982).  The Ninth Circuit has articulated

26 a fourth criterion: that the federal action would "enjoin" the

27 state proceeding "or have the practical effect of doing so."

28 <u>Potrero Hills Landfill, Inc. v. Cnty. of Solano</u>, 657 F.3d 876,

882 (9th Cir. 2011) (internal quotation marks omitted).

Here, all criteria for abstention appear to be satisfied, even though Petitioner apparently seeks to raise in his federal Petition only claims that have already been rejected by the state courts on habeas review. Indeed, "[w]hen . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983); see also Henderson v. Johnson, 710 F.3d 872, 874 (9th Cir. 2013) ("Sherwood stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct appeal is pending."). "This is because 'the pending appeal may result in reversal of the petitioner's conviction on some other ground, thus mooting the federal question.'" Alvarez v. Barnes, No. CV 13-367-RGK (CW), 2013 WL 3200514, at *3 (C.D. Cal. June 21, 2013) (quoting Sherwood, 716 F.2d at 634).

A federal court may properly intervene when a petitioner makes a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex, 457 U.S. at 435. Petitioner has provided no evidence of bad faith or harassment. Though the list of possible extraordinary circumstances justifying intervention has not been fully articulated, see Baffert v. Cal. Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003), the circumstances must create a "pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual

3

1    situation," <u>Kugler v. Helfant</u>, 421 U.S. 117, 125, 95 S. Ct. 1524,

2    1531, 44 L. Ed. 2d 15 (1975).

3         Here, Petitioner has not explained why he is in immediate

4    need of federal equitable relief, nor has he pointed to any

5    extraordinary circumstance warranting intervention.

6         IT THEREFORE IS ORDERED that within 14 days of the date of

7    this Order, Petitioner show cause in writing, if he has any, why

8    the Court should not deny the petition without prejudice and

9    dismiss this action under <u>Younger</u>.  Petitioner is warned that his

10   failure to timely and satisfactorily respond to this Order may

11   result in his Petition being dismissed for the reasons stated

12   above and for failure to prosecute.

13

14

15   DATED: <u>February 12, 2014</u>

16                                        JEAN ROSENBLUTH
                                          U.S. MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28